# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 19-0525V
UNPUBLISHED

| | |
|---|---|
| BETTY DARLENE CRAFT,<br><br>          Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>          Respondent. | Chief Special Master Corcoran<br><br>Filed: January 5, 2021<br><br>Special Processing Unit (SPU); Damages Decision Based on Proffer; Influenza (Flu) Vaccine; Guillain-Barre Syndrome (GBS) |

*William E. Cochran, Jr., Black McLaren Jones Ryland & Griffee, P.C., Memphis, TN , for petitioner.*

*Ryan Daniel Pyles, U.S. Department of Justice, Washington, DC, for respondent.*

### DECISION AWARDING DAMAGES[1]

On April 10, 2019, Betty Darlene Craft filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she received an influenza ("flu") vaccination on October 15, 2017 and thereafter suffered from Guillain-Barré Syndrome. Petition at 1. Petitioner further alleges that the onset of GBS occurred between three and forty-two days after vaccination, there is no other apparent alternative cause for her GBS, and that she suffered GBS-related symptoms for at least six months. Petition at 2, 5. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On January 4, 2021, Respondent filed his Rule 4(c) Report and Proffer of Compensation. ECF 31. Therefore, on January 5, 2021, a ruling on entitlement was

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

issued, finding Petitioner entitled to compensation for GBS. In the Proffer, Respondent indicated that Petitioner should be awarded $263,538.00. Proffer at 1. Of this total amount, $200,000.00 represents an award for actual and projected pain and suffering at net present value, and $63,538.00 represents an award for past unreimbursed and projected future unreimbursable expenses at net present value. *Id*. at 4. In the Proffer, Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Accordingly, **I award Petitioner a lump sum payment of $263,538.00 in the form of a check payable to Petitioner.** This amount represents compensation for all damages that would be available under § 15(a).

The clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

                                                                        s/Brian H. Corcoran
                                                                        Brian H. Corcoran
                                                                        Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.